CURL v. DONALDSON ET AL.

1. **Fraudulent Conveyance:** HUSBAND AND WIFE: SUPPORT FURN-ISHED TO WIFE. The fact that a wife was induced to join her husband in a voluntary conveyance of his property by his requests, and false promises of payment, will not constitute fraud invalidating the conveyance, and rendering the property conveyed subject to a claim for support subsequently furnished the wife and her children.

*Appeal from Harrison District Court.*

THURSDAY, APRIL 8.

ACTION in equity to set aside a certain conveyance of real estate. The plaintiff, Eliza J. Curl, holds a certain judgment

rendered in favor of her intestate, J. R. Curl, against the defendant Andrew Donaldson. The object of the action is to enable the plaintiff to subject to the payment of the judgment certain real estate formerly owned by the judgment debtor, and afterwards conveyed by him to his son J. II. Donaldson, who has since conveyed to other persons who are made parties defendant hereto. Other facts are stated in the opinion. There was a decree for the defendants. The plaintiff appeals.

*Sapp, Lyman & Ament,* for appellant.

*L. R. Bolter* and *W. S. Shoemaker,* for appellees.

ADAMS, CH. J.—The judgment in question was rendered for support furnished to the judgment debtor's wife. The land in question consists of about one hundred and ninety-four acres in Harrison county, and at one time constituted the judgment debtor's farm, upon which he lived many years with his family.

1. FRAUDU- LENT convey- ance : hus- band and wife : support furnished wife.

During that time he lost his wife by death. In 1870 he married a second wife, who is the person for the support of whom the judgment in question was rendered. This marriage did not prove to be a happy one. A portion of the children by the first wife, of whom there were five in number, did not treat their step-mother kindly, and there is some evidence tending to show that her husband did not always treat her kindly, and did not always provide properly for her and her children, of whom there were two. Upon this point, however, the evidence is conflicting.

In 1873 she left him and went to Nebraska to her brother, the plaintiff's intestate, who supported her and her children for over two years. At the time she left Iowa for Nebraska her husband accompanied her a part of the way, gave her thirty dollars and promised to send her more, which promise, however, he never fulfilled. Prior to her leaving him she joined in a deed with him conveying the land in question to

J. H. Donaldson, his oldest son. Plaintiff avers that she was induced to do so by her husband's fraud. The evidence shows that he had become infirm in health and apprehensive that he had not a long time to live, and that he had conceived the idea that in case of his death his farm, after paying his debts, should go to his older children. He stated his apprehensions to his wife, and also his wishes in regard to the disposition of the farm, and urged his wife to join in the conveyance to J. H. Donaldson, his oldest son, stating at the same time that she brought nothing, and could not live there after his death. She accordingly joined in the conveyance as requested to J. H. Donaldson, who canceled whatever debt was due him from his father for about four year's services upon the farm, and assumed whatever debts were due to others; which were not strictly, we think, a very large amount. At the time of the conveyance it does not appear that the grantor's wife contemplated leaving, for she says in her testimony that she thought that by joining in the conveyance she should put an end to the troubles between her and the daughters by the first wife. But her hopes in this respect were not realized, and after a few months she told her husband that if he would provide some things for her children she would go to Nebraska and live with her brother. He provided somewhat for the children and advised her to go. He promised to give her $500 for signing the deed, and also to send her a portion of the proceeds that should be realized from the produce of the farm to support herself and children. With these promises she left. But as her husband sent her nothing she was obliged to contract a debt on his account, which is the debt upon which the judgment in question was rendered.

It appears to us that when Andrew Donaldson persuaded his wife to join in a deed of their entire farm to his son by his first wife, with the view of cutting off her dower and homestead right, and advised her to go to live with her brother, without making any provision whatever for the support of her and her children, he was guilty of conduct which nothing disclosed in

the record has any tendency to excuse. There is much force, too, in the appellant's position that if a husband conveys away his property with the intent to deprive his wife of the means of support, and the grantee knows or may be presumed to know the intent, a person who furnishes the wife support, thereby discharging the obligation of the husband which existed in some sense antecedent to the conveyance, should be allowed to enforce his claim against the property in the hands of such grantee. But in this case the wife joined in the conveyance, and before it can be set aside it must appear that she was induced to do so by fraud. There is no want of consideration in this case, and if there were such fact would probably not aid the plaintiff. If a husband and wife give away their property, and she afterwards comes to want, it appears to us that neither she nor a person who should furnish her support would be entitled to a decree setting aside the conveyance. It is incumbent, then, upon the plaintiff to show that Mrs. Donaldson was induced to sign the deed by fraud. Now, however reprehensible her husband's conduct may have been in urging her to sign the deed, we are unable to see that she was defrauded. She was fully aware of the object of the conveyance as well as of its effect. Nothing was concealed. What her husband was guilty of was not craft but effrontery. It is true he was also guilty of breaking his promise to pay her $500 and to send her money for her support, but a mere breach of a contract is not fraud. We are unable to see upon what ground Mrs. Donaldson could have successfully attacked the conveyance. If she could not the plaintiff cannot.

So far we have considered the case as if no conveyance had been made by J. H. Donaldson to his co-defendants. Having reached a conclusion adverse to the plaintiff it is unnecessary to proceed further.

The plaintiff claims that certain evidence was improperly admitted. The case is triable *de novo*, and all evidence which it appears to us was improperly admitted has been disregarded. The plaintiff moves to tax to the appellees the cost of their

amended abstract, upon the ground that it was unnecessary. It appears to us that some parts of it were unnecessary, and we think that the appellees should be taxed with half the cost of it.

AFFIRMED.